```
LAURA E. DUFFY
United States Attorney
EMILY W. ALLEN
Special Assistant U.S. Attorney
California State Bar No. 234961
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9738
Fax: (619) 546-0450
Email: emily.allen@usdoj.gov

Attorneys for Plaintiff
United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT MORENO, <br><br> Defendant. | Case No. 14-MJ-02438-MDD <br><br> **STIPULATION FOR ORDER AUTHORIZING DISCLOSURE OF GRAND JURY MATTER AND FOR PROTECTIVE ORDER** |

Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Emily W. Allen, Special Assistant U.S. Attorney, and Defendant, ROBERT MORENO, by and through his counsel, John Lemon, hereby stipulate for:

1. An Order authorizing the United States to disclose, in discovery and during trial, grand jury matter; and

2. a protective Order regarding discovery.

This stipulation is based on Federal Rules of Criminal Procedure 6(e)(2)(B) and 6(e)(3)(E)(I) pertaining to disclosure of grand jury materials, and General Order No. 514 of the United States District Court for the Southern District of California ("General Order No. 514") pertaining to personal identifying information.[1]

---

[1] Nothing in this motion or in the Court's authorization should be construed as enlarging the United States' discovery obligations or

1

**A.   DISCLOSURE OF GRAND JURY MATTERS**

As part of the United States' statutory and Constitutional discovery obligations in this case, it may be required to disclose grand jury matters to Defendant. Federal Rule of Criminal Procedure 6(e)(3)(E) allows for the disclosure of a matter occurring before the grand jury if authorized by the Court, subject to any conditions the Court directs. To the extent that any of the discovery materials the United States intends to produce to the defense may constitute a grand jury matter, the United States hereby moves for authorization to disclose such grand jury matter "preliminarily to or in connection with a judicial proceeding" pursuant to Rule 6(e)(3)(E)(i), subject to the proposed Protective Order described below.

**B.   PROTECTIVE ORDER**

The parties anticipate that discovery in this case will require disclosure of sensitive information including mortgage loan records of hundreds of uninvolved borrowers, real estate records, and bank account records. These materials contain extensive personal information of uncharged individuals, including names, home addresses, Social Security numbers, dates of birth, telephone numbers, employment and credit history, pay stubs, W-2 forms, bank account numbers and balances, and other sensitive facts. Inappropriate disclosure of this information could cause harm to these individuals, while redaction of this information could limit the defense's ability to meaningfully review the discovery. In addition, the United States anticipates disclosing information about cooperating witnesses, including reports of interviews and

---

creating any right to material not otherwise discoverable, as determined by the United States or as directed by the Court.

identifying information, the disclosure of which could jeopardize ongoing investigative efforts and cause harm to these individuals.

Under the Federal Rules of Criminal Procedure, this Court is authorized to issue a protective order to "restrict . . . discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d); see also Alderman v. United States, 394 U.S. 165, 185 (1969) ("the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect"). For the reasons set forth above, the parties respectfully request that the Court enter the proposed Protective Order Regarding Discovery submitted with this motion, which seeks that the Court:

1. Prohibit the members of the defense team from distributing, disseminating, disclosing, or exhibiting discovery materials to any person who is not a part of the defense team for any purpose other than preparing a defense of this case; including, unless such material is already a matter of public record, to representatives of the media or other third parties not involved in any way in the investigation or prosecution of the case;

2. require counsel of record to ensure that every member of the defense team is advised of the protective order and has agreed to be bound by its terms;

3. require the defense to take all reasonable steps to (a) maintain the confidentiality of the discovery, and (b) safeguard the discovery produced in this case from inadvertent disclosure or review by any third party;

4. allow the defense to share discovery materials with any investigators, consultants or experts retained by the defense in

1 connection with this case provided that the defense informs any such
2 individual(s) of this Order and obtains their written consent to
3 comply with and be bound by its terms;
4     5.   allow the defense to show witnesses discovery materials as
5 necessary for the preparation of the defense, but prohibit the
6 defense from giving witnesses copies of the materials;
7     6.   to the extent that the any of the above-referenced criminal
8 discovery materials contain any individual's personal information,
9 within the meaning of General Order 514, require that any filings
10 referencing or containing said materials be redacted in a manner
11 consistent with said General Order;
12     7.   require the defense to destroy or return to the
13 United States any and all copies of the discovery within 90 days of
14 the conclusion of the proceedings in the above-referenced case,
15 including any appeal; and
16     8.   require that if defense counsel withdraws or is
17 disqualified from participation in this case, the defense shall
18 provide to new counsel or return to the United States any and all
19 copies of the discovery within 10 days.
20 / / / /
21 / / / /
22 / / / /
23 / / / /
24 / / / /
25 / / / /
26 / / / /
27 / / / /
28 / / / /

4

**C.   CONCLUSION**

For the foregoing reasons, the parties respectfully request that the Court authorize disclosure of information as requested and issue the attached Protective Order.

IT IS SO STIPULATED.

Dated: July 24, 2014        Respectfully submitted,

LAURA E. DUFFY
United States Attorney

*/s/ Emily W. Allen*
EMILY W. ALLEN
Special Assistant U.S. Attorney

*/s/ John C. Lemon*
JOHN C. LEMON
Attorney for Defendant
Robert Moreno