FILED

2015 JAN 15 PM 2:01

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: /s/ TH   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 14cr2277-BEN |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| ROBERT MORENO, | |
| Defendant. | |

WHEREAS, in the Superseding Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific property of the above-named Defendant, ROBERT MORENO ("Defendant"), pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2) and Title 28, United States Code, Section 2461(c), as property constituting, or derived from, proceeds traceable to the offense, and any property traceable to such property, as charged in the Superseding Information; and

WHEREAS, on or about October 9, 2014, Defendant pled guilty before Magistrate Judge Mitchell D. Dembin to the one-count Superseding Information charging Conspiracy (18 U.S.C. § 371), which plea included Defendant's consent to the forfeiture allegations of the Superseding Information, including forfeiture of the following:

//

1 | That real property located at 120 East Rio Salado Parkway, Unit 402, Tempe, Arizona 85281-9119 (further described as Edgewater at Hayden Ferry Lakeside Condominium AMO MCR 723-05 Unit 4-02)

("the Subject Property"); and

WHEREAS, on January 9, 2015 this Court accepted Defendant's guilty plea; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited property and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the Subject Property, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2), 28 U.S.C. § 2461(c), 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States has requested [or hereby requests?] the authority to take control of the Subject Property which the Court finds forfeitable to the United States; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take control of the following asset, and all right, title and interest of Defendant ROBERT MORENO in the following property are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

That real property located at 120 East Rio Salado Parkway, Unit 402, Tempe, Arizona 85281-9119 (further described as Edgewater at Hayden Ferry Lakeside Condominium AMO MCR 723-05 Unit 4-02)

("the Subject Property").

//

2. The United States Marshals Service is authorized and directed to sell the forfeited real property on an expedited basis subject to the following:

    a. The Defendant shall, not later than January 15, 2015, deliver to the United States Marshal a quit claim deed to the forfeited real property executed and notarized in favor of the United States, as well as all keys, access codes and records relating to the Subject Property.

    b. Defendant must remain current and pay all property taxes, homeowner's association fees, and assessments, and must not allow the imposition of any further liens or encumbrances relating to the Subject Property before delivery to the United States Marshal.

    d. Defendant must not sublet or allow any other person to reside in or occupy the Subject Property, and must vacate the property no later than January 15, 2015, which must be in clean and marketable condition. If Defendant has not vacated the property by January 15, 2015, Defendant may be forcibly removed by the United States Marshal without further notice or Court order.

    e. Upon delivery of the deed but in any event, not later than January 15, 2015, the United States Marshal is authorized to take custody and control of the Subject Property, and sell it on an expedited basis, with the net proceeds of sale forfeited to the United States.

3. Pursuant to Rule 32.2(b) and (c), the United States is further authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the property in such manner as the Attorney

General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned asset, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: 1/15/15

HONORABLE ROGER T. BENITEZ
United States District Judge