AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 1

FILED
SEP 17 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| ROBERT MORENO (1) | Case Number: 14CR2277-BEN |
| | JOHN C. LEMON |
| | Defendant's Attorney |

**REGISTRATION NO.** 47762298

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) 1s OF THE SUPERSEDING INFORMATION.
☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 371 | CONSPIRACY TO COMMIT BANK BRIBERY AND TAX EVASION | 1s |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) UNDERLYING INFORMATION is ☒ are ☐ dismissed on the motion of the United States.
☒ Assessment: $100.00 forthwith or through the Inmate Financial Responsibility Program (IFRP) at the rate of not less than $25.00 per quarter during the period of incarceration.

☐ Fine waived     ☒ Forfeiture pursuant to order filed 2/9/2015 , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

SEPTEMBER 8, 2015
Date of Imposition of Sentence

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

14CR2277-BEN

AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 9

DEFENDANT: ROBERT MORENO (1)
CASE NUMBER: 14CR2277-BEN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of THIRTY-SEVEN (37) MONTHS.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:
DEFENDANT BE INCARCERATED WITHIN THE WESTERN REGION OF THE UNITED STATES.

DEFENDANT BE ALLOWED TO PARTICIPATE IN THE 500-HOUR DRUG TREATMENT PROGRAM.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☒ before 5:00PM ON NOVEMBER 6, 2015.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

14CR2277-BEN

AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
   Sheet 3 — Supervised Release

Judgment—Page __3__ of __9__

DEFENDANT: ROBERT MORENO (1)
CASE NUMBER: **14CR2277-BEN**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
THREE (3) YEARS.

   The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

   If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (CASD) (Rev. 12/11 Judgment in a Criminal Case
Sheet 4 — Special Conditions

DEFENDANT: ROBERT MORENO (1)
CASE NUMBER: 14CR2277-BEN

Judgment—Page 4 of 9

## SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☒ Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation until the fine or restitution is paid in full.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

☐ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☒ Not engage in the employment or profession involving loan processing, mortages, real estate, or any employment or profession involving fiduciary responsibilities.

☒ Provide complete and accurate disclosure of personal and business financial records to the probation officer as requested.

☒ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within _____ days.

☐ Complete _____ hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☒ Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. Is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☒ Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

14CR2277-BEN

AO 245S    Judgment in Criminal Case
            Sheet 5 — Criminal Monetary Penalties

DEFENDANT: ROBERT MORENO (1)
CASE NUMBER: 14CR2277-BEN

Judgment — Page __5__ of __9__

# FINE

The defendant shall pay a fine in the amount of _____$20,000.00_____ unto the United States of America.

This sum shall be paid  __X__ immediately.
                         ____ as follows:

The Court has determined that the defendant __does__ have the ability to pay interest. It is ordered that:

__X__ The interest requirement is waived.

____ The interest is modified as follows:

AO 245S   Judgment in Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 9

DEFENDANT: ROBERT MORENO (1)
CASE NUMBER: 14CR2277-BEN

## RESTITUTION

The defendant shall pay restitution in the amount of  $1,284,501.00  unto the United States of America.

This sum shall be paid ___ immediately.
                       _x_ as follows:

Defendant shall pay restitution in full or at the rate of $250.00 per month, subject to increase or decrease on changed circumstances. The Clerk is directed to disburse funds collected from Defendant to the following victims:

1. $1,143,560 to GMAC:
   ResCap Liquidating Trust
   c/o David Cunningham, Director
   8400 Normandale Lake Blvd, Suite 175
   Minneapolis, MN 55437

2. $140,941 to the IRS:
   Internal Revenue Service
   IRS - RACS
   Attn: Mail Stop 6261, Restitution
   333 W. Pershing Ave.
   Kansas City, MO 64108

Defendant shall be jointly and severally liable to pay restitution with co-defendants/co-conspirators for the same losses:

Robert Moreno, 14CR2277-BEN
Amir Hechter, 14CR2701-BEN
Zeev Hechter, 14CR2702-BEN
Israel Hechter: 14CR2703-BEN
Jack Prober, 14CR2704-BEN
Ben Keisari, 15CR0550-BEN

Defendant is subject to financial review as mandated by U.S. Probation and the United States Attorney's Office. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment.

The Court has determined that the defendant  does  have the ability to pay interest. It is ordered that:

_x_   The interest requirement is waived.

___   The interest is modified as follows:

FILED

15 FEB -9 PM 12: 46

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

acc DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 14cr2277-BEN |
|---|---|
| Plaintiff, | AMENDED PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| ROBERT MORENO, | |
| Defendant. | |

On January 15, 2015, this Court entered a Preliminary Order of Criminal Forfeiture in this case, based on the plea and forfeiture addendum of Defendant ROBERT MORENO ("Defendant"), which included forfeiture of certain property pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2) and Title 28, United States Code, Section 2461(c), as property constituting, or derived from, proceeds traceable to the offense, and any property traceable to such property, as charged in the Superseding Information. The Order stated that and all right, title and interest of Defendant in a certain real property, located at 120 East Rio Salado Parkway, Unit 402, Tempe, Arizona 85281-9119, were forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n). The Order further authorized the United States to take control of said real property.

//

1     After the filing of the Preliminary Order of Criminal Forfeiture, it came to the attention of the United States that the legal description of the real property in the Preliminary Order was incomplete. The purpose of this Amended Preliminary Order is to correct the legal description for 120 East Rio Salado Parkway, Unit 402, Tempe, Arizona 85281-9119, which is as follows:

ASSESSORS PARCEL NO. 132-20-042

UNIT 4-02, EDGEWATER AT HAYDEN FERRY LAKESIDE, A CONDOMINIUM, ACCORDING TO DECLARATION OF CONDOMINIUM RECORDED AT RECORDER'S NO. 06-597192 AND PLAT RECORDED IN BOOK 701 OF MAPS, PAGE 37 AND AMENDED IN BOOK 723 OF MAPS, PAGE 5 AND NOTICE OF CORRECTION RECORDED AT RECORDER'S NO. 06-87924, RECORDS OF MARICOPA COUNTY, ARIZONA.

TOGETHER WITH ALL RIGHTS TO THE LIMITED COMMON ELEMENTS AS DEFINED THEREIN, INCLUDING PARKING SPACE(S) P2-56, P2-58 AND STORAGE SPACE(S) S2-26 ("the property").

    Further, the due date of January 15, 2015, for the taking of certain actions required by the Defendant in the Preliminary Order of Criminal Forfeiture has now passed; therefore, the terms below have been updated accordingly.

1.     The real property located at 120 East Rio Salado Parkway, Unit 402, Tempe, Arizona 85281-9119, legally described as:

ASSESSORS PARCEL NO. 132-20-042

UNIT 4-02, EDGEWATER AT HAYDEN FERRY LAKESIDE, A CONDOMINIUM, ACCORDING TO DECLARATION OF CONDOMINIUM RECORDED AT RECORDER'S NO. 06-597192 AND PLAT RECORDED IN BOOK 701 OF MAPS, PAGE 37 AND AMENDED IN BOOK 723 OF MAPS, PAGE 5 AND NOTICE OF CORRECTION RECORDED AT RECORDER'S NO. 06-87924, RECORDS OF MARICOPA COUNTY, ARIZONA.

TOGETHER WITH ALL RIGHTS TO THE LIMITED COMMON ELEMENTS AS DEFINED THEREIN, INCLUDING PARKING SPACE(S) P2-56, P2-58 AND STORAGE SPACE(S) S2-26,

is hereby forfeited in its entirety to the United States of America.

//
//

2. The United States Marshals Service ("USMS") is authorized and directed to take immediate custody and control of the property, and sell it on an expedited basis, with the net proceeds of sale forfeited to the United States.

3. The Defendant is ordered and directed to immediately vacate the property upon the signing of this order. Defendant is further directed to provide the keys, all access codes and any records relating to the forfeited property directly to the United States Marshal. If necessary, the USMS is authorized to remove the Defendant from the property forcibly without further notice or Court order.

4. The Defendant is ordered to comply with all other terms of the plea agreement.

5. Pursuant to Rule 32.2(b) and (c) and the original Preliminary Order of Criminal Forfeiture, the United States has begun proceedings pertaining to ancillary hearings and rights of third parties. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the property, in which all interests will be addressed.

6. Pursuant to Rule 32.2(b)(4), this Amended Preliminary Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: 2/06/15

HONORABLE ROGER T. BENITEZ
United States District Judge